# In the United States Court of Federal Claims

No. 20-570
(Filed: March 22, 2021)

```
*****************************************
DERRICK MICHAEL ALLEN, SR.,              *
                                         *
                Plaintiff,               *    Rule 12(b)(1); Subject-Matter
                                         *    Jurisdiction; Pro Se; Housing
v.                                       *    Discrimination
                                         *
                                         *
THE UNITED STATES,                       *
                                         *
                Defendant.               *
*****************************************
```

*Derrick Michael Allen, Sr.*, Durham, NC, *pro se*.

*Joshua Ethan Kurland*, U.S. Department of Justice, Washington, DC, counsel for Defendant.

## ORDER AND OPINION

**DIETZ, Judge.**

On May 5, 2020, Derrick Michael Allen, Sr., a *pro se* plaintiff, filed a complaint alleging housing discrimination based on denial of housing applications and seeking monetary compensation for out-of-pocket expenses, economic loss, loss of housing opportunity, emotional distress, and other damages pursuant to 42 U.S.C. § 3612(g)(3)(c). Compl. at 6, ECF No. 1. Plaintiff also filed an Application to Proceed *In Forma Pauperis* on May 5, 2020, ECF No. 2, and a Motion for Appointment of Counsel on May 18, 2020, ECF No. 7. On June 26, 2020, Defendant filed a motion to dismiss the complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims. Def.'s Mot. to Dismiss [hereinafter Def.'s MTD], ECF No. 9. Plaintiff filed his Response to Defendant's Motion to Dismiss on June 26, 2020. Pl.'s Opposition Mot. to Dismiss [hereinafter Pl.'s Resp.], ECF No. 10. Defendant filed its Reply on July 10, 2020. Def.'s Reply in Support of its Motion to Dismiss [hereinafter Def.'s Reply], ECF No. 11.

For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Application to Proceed *In Forma Pauperis* is **GRANTED**. Because the case is dismissed, Plaintiff's Motion for Appointment of Counsel is **DENIED AS MOOT**.

## I. BACKGROUND

Mr. Allen claims he was denied housing because of an inaccurate sex offender record. Compl. at 3. As a result of such denial, Mr. Allen submitted a housing discrimination complaint

to the United States Department of Housing and Urban Development (HUD), and he alleges that HUD has not contacted him regarding his complaint. *Id*.; *see also* Compl., Attach 1. Mr. Allen also claims he "was denied public housing with the Town of Chapel-Hill in North Carolina" because of inaccurate information derived from the FBI Criminal Justice Information Services Division." Compl. at 4. Mr. Allen seeks "monetary compensation, for out of pocket expense(s), economic loss, los[s] of housing opportunity, emotional distress, and other damages pursuant to 42 U.S.C. 3612(g)(3)(C)." *Id*. at 6.

The government argues in its Motion to Dismiss that "none of the claims raised by [Mr. Allen] are within this Court's power to decide." Def.'s MTD at 1. Specifically, the government asserts that Mr. Allen's complaint focuses on claims of housing discrimination, deprivation of Fifth and Fourteenth Amendment rights, and alleged violations of various civil rights statutes and that such claims are not within this Court's limited jurisdiction. *Id*. at 1-2. Further, to the extent Mr. Allen's claim is based on actions by the Town of Chapel Hill in North Carolina, such claim is likewise outside the scope of this Court's jurisdiction. *Id*. at 2.

In response, Mr. Allen asserts that this Court has jurisdiction under 28 U.S.C. § 1491(a) "to adjudicate Plaintiff's claim for infringements of plaintiff rights in the matter of [h]ousing [d]iscrimination[.]" Pl.'s Resp. at 1, ECF No. 10. Mr. Allen appears to argue that, because HUD is a federal agency, actions against it are within the purview of this Court. *Id*. at 2-3.

## II. LEGAL STANDARDS

Rule 12(b)(1) governs dismissal of claims for lack of subject-matter jurisdiction. *See* RCFC 12(b)(1); *Martin v. United States*, 99 Fed. Cl. 627, 631 (2011) ("The [C]ourt's 'general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion.'") (citing *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999)). "Jurisdiction is a threshold matter that must be resolved before the Court can take action on the merits." *Remote Diagnostics Techs. LLC v. United States*, 133 Fed. Cl. 198, 202 (2017) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). In deciding a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts all factual allegations in the complaint as true and construes those allegations in the light most favorable to the plaintiff. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014).

Pleadings from *pro se* plaintiffs are held to more lenient standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating it is settled law that the allegations of such a complaint, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers"); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[d]espite this permissive standard, a *pro se* plaintiff must still satisfy the court's jurisdictional requirements." *Trevino v. United States*, 113 Fed. Cl. 204, 208 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014) (citations omitted); *see also Shelkofsky v. United States*, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'") (quoting *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995)); *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants only."). Plaintiffs, whether *pro se* or not, have the burden of

establishing by a preponderance of evidence that this Court has jurisdiction over their claims. *Alston-Bullock v. United States*, 122 Fed. Cl. 38, 40 (2015) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

The United States Court of Federal Claims has limited jurisdiction. *See Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000) ("[T]he Court of Federal Claims, like all inferior federal courts, is a court of jurisdiction limited by what Congress allows."). It is well settled that this Court may hear a claim against the United States only if Congress has specifically and unambiguously waived the government's sovereign immunity for such a suit. *United States v. Testan*, 424 U.S. 392, 397-98 (1976). Indeed, this Court's jurisdiction is defined by the Tucker Act, which waives the sovereign immunity of the United States for non-tort claims for damages founded upon the Constitution, an Act of Congress, an executive department regulation, or an express or implied contract with the United States. *See* 28 U.S.C. § 1491(a)(1). The Tucker Act is a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." *Testan*, 424 U.S. at 398. To recover against the government, a plaintiff must identify a "substantive right created by some money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (*en banc*).

## III. DISCUSSION

### A. Defendant's Motion to Dismiss

Mr. Allen, a *pro se* plaintiff, is entitled to a liberal construction of his pleadings. The Court accordingly construes Mr. Allen's complaint to assert three claims: (1) a housing discrimination claim in which he argues that he was denied housing based on inaccurate information and that HUD failed to address his housing discrimination complaint; (2) a claim alleging the Town of Chapel Hill, North Carolina, denied him public housing because of "inaccurate information derived from the FBI Criminal Justice Information Services Division[;]" and (3) a due process claim. Compl. at 1-2. Because each of Mr. Allen's claims fails to satisfy jurisdictional requirements, the Court is unable to proceed to the merits, and his claims must be dismissed.

#### 1. Housing Discrimination Claim

Mr. Allen primarily alleges housing discrimination based on the denial of housing applications. *See* Compl. at 3-4. He asserts that this Court has jurisdiction pursuant to the Tucker Act and makes mention of 42 U.S.C. § 1982 (Civil Rights Act) and 42 U.S.C. § 3604 (Fair Housing Act). *See* Compl. at 1. The government moves to dismiss Mr. Allen's housing discrimination claims as beyond the Court's limited grant of jurisdiction. *See* Def.'s MTD at 1. The government argues that claims arising under Section 1982 of the Civil Rights Act and the Fair Housing Act must be brought in a United States district court. *Id*. at 2. In response, Mr. Allen appears to argue that because HUD is a federal entity, its actions or—as Mr. Allen argues—its inactions are within this Court's jurisdiction. *See* Pl.'s Reply at 2-3. Mr. Allen further renews his assertion that this Court has jurisdiction under the Tucker Act to adjudicate his housing discrimination claims. *See id.* at 1-2. We disagree with Mr. Allen.

This Court is not a federal district court, but rather a special federal court of limited jurisdiction. *See Humphrey v. United States*, 52 Fed. Cl. 593, 598 (2002) (referencing *Doko Farms v. United States*, 13 Cl. Ct. 48, 59 (1987)). 28 U.S.C. § 1343(a)(4) provides that United States district courts "shall have original jurisdiction" over alleged civil rights violations. 28 U.S.C. § 1343(a)(4). It is well-established that United States district courts have *exclusive* jurisdiction over such claims. *Clarke v. United States*, No. 10-283C, 2010 WL 2143675, at *2 (Fed. Cl. May 24, 2010), *aff'd*, No. 2010-5133, 2010 WL 4569961 (Fed. Cir. Nov. 5, 2010). Similarly, the Fair Housing Act directs litigants to commence a civil action in a United States district court. *See* 42 U.S.C. § 3613; *Fennie v. United States,* No. 12–272C, 2013 WL 151685, at *1 (Fed. Cl. Jan. 4, 2013); *see also Allen v. United States*, No. 14-179C, 2014 WL 3767128, at *3 (Fed. Cl. July 30, 2014) (stating this Court cannot exercise jurisdiction over Fair Housing Act claims). As the government highlights, *see* Def.'s MTD at 2, claims arising under the Civil Rights Act and Fair Housing Act should be brought in a United States district court, not the Court of Federal Claims. *See Bush v. United States*, 627 F. App'x 928, 930 (Fed. Cir. 2016) (noting that claims alleging violations of the Fair Housing Act are outside the scope of this Court's jurisdiction). The fact that Mr. Allen's claims are against a federal agency does not alter the reality that this Court lacks jurisdiction over his housing discrimination claims.

### 2.     Claims Against Entities other than the United States

Mr. Allen alleges he was denied public housing by the Town of Chapel Hill, North Carolina, because of inaccurate information "derived" from the Federal Bureau of Investigations (FBI) Criminal Justice Information Services Division. Compl. at 4. The government moves to dismiss these claims because this Court's jurisdiction is limited to suits against the United States, not states or private parties. Def.'s MTD at 2. We agree with the government.

This Court's jurisdiction is confined to reviewing claims for money damages against the United States itself, and a suit must be dismissed for lack of jurisdiction "if the relief sought is against others than the United States." *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (citations omitted). While the complaint names the United States as the defendant, Mr. Allen directs certain allegations at the Town of Chapel Hill, North Carolina. *See* Compl. at 4. Since the Town of Chapel Hill is neither a federal entity nor an agent of the federal government, the Court lacks the requisite jurisdiction to hear Mr. Allen's claims against it. [1] *See Marshall v. United States*, 223 Ct. Cl. 650, 651 (1980).

### 3.     Fifth and Fourteenth Amendment Violation Claims

Mr. Allen claims he "can demonstrate an [sic] los[s] of liberty which warrants attention to . . . the [Fifth] and [Fourteenth] [A]mendment[.]" Compl. at 1. The government argues these constitutional claims are beyond the jurisdiction of this Court because it "is well settled that the Due Process Clauses of both the Fifth and Fourteenth Amendment . . . do not provide a cause of

---

[1] Even assuming that Mr. Allen's claim against the Town of Chapel Hill is a result of inaccurate information obtained from the FBI, a federal agency, this Court still lacks jurisdiction over claims against the Town of Chapel Hill, North Carolina. *See Conerly v. United States*, 137 Fed. Cl. 140, 142 (2018) ("Plaintiff's claim is against a locality, over which this Court has no jurisdiction.").

action under the Tucker Act. *See* Def.'s MTD at 3 (citing *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013)). We agree with the Government.

In this Court, subject-matter jurisdiction is not established by simply alleging a constitutional violation. *Sykes v. United States*, 105 Fed. Cl. 231, 234 (2012) (quotations omitted). Rather, the constitutional provision alleged to have been violated must be money mandating. *Id*. (citing *Ferreiro v. United States*, 501 F.3d 1349, 1351-52 (Fed. Cir. 2007)). This Court has no jurisdiction over claims based upon the Due Process Clauses of the Fifth and Fourteenth Amendments because these constitutional provisions "do not obligate the [f]ederal [g]overnment to pay money damages." *Id*. Accordingly, this Court lacks jurisdiction to hear Mr. Allen's claims based on the Fifth and Fourteenth Amendments.

### B.  Application to Proceed *In Forma Pauperis*

Mr. Allen filed an application to proceed *in forma pauperis* on May 5, 2020. *See* Mot. for Leave to Proceed *In Forma Pauperis* [hereinafter IFP], ECF No. 2. Pursuant to 28 U.S.C. § 1915, federal courts are permitted to waive filing fees under certain circumstances. *See* 28 U.S.C. § 1915(a)(1). Under the statute, a plaintiff is eligible to proceed *in forma pauperis* if he or she is "unable to pay such fees or give security therefor." *Moore v. United States*, 93 Fed. Cl. 411, 413 (2010) (quoting 28 U.S.C. § 1915(a)(1)). "[T]he threshold for a motion to proceed *in forma pauperis* is not high[.]" *Id*. at 414. "Unable to pay such fees" means that "paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007) (citing *Adkins v. E.I. DuPont de Nuemours & Co.*, 335 U.S. 331, 339 (1948)); *see also Moore*, 93 Fed. Cl. at 413 (stating the determination of what constitutes "unable to pay" is left to the discretion of the presiding judge based on the information submitted by the plaintiff). In his application, Mr. Allen states that he is not currently employed, has a very small amount of money in his bank accounts, has various recurring expenses (including school loans and child support), and has outstanding debts for medical and dental bills. IFP at 1-2. The Court finds that Mr. Allen has sufficiently demonstrated financial hardship if he is required to pay the Court's filing fees. Accordingly, Mr. Allen's Motion for Leave to Proceed *In Forma Pauperis* is granted.

### IV.  CONCLUSION

For the reasons set forth in this opinion, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Application to Proceed *In Forma Pauperis* is **GRANTED**. Plaintiff's Motion for Appointment of Counsel is **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge
